**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In Re:

Joshua and Jennifer Bourgoin, Bky Case No: 23-32265

Debtors. Chapter 13

---

## NOTICE OF HEARING AND MOTION TO CONFIRM MODIFIED PLAN

TO: The Debtors; U.S. Trustee; Chapter 13 Trustee Gregory Burrell; and creditors and parties of interest.

1. The Debtors, by the undersigned attorney, move the Court for approval of the relief requested below and gives Notice of Hearing.

2. The Court will hold a hearing on this motion at 11:00 A.M., Thursday, August 20, 2026, at US Courthouse, Courtroom 8 West, 300 South 4th Street, Minneapolis, MN 55415.

3. Any response to this motion must be filed and served not later than Thursday, August 13, 2026, which is seven days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C § 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This is a core proceeding. The petition commencing this case was filed on October 26, 2023. The case is pending before this Court. The Debtors request that the Court approve and confirm the Debtors' proposed modified Chapter 13 Plan.

5. The Debtors request a modification of their Chapter 13 plan due to include language in Part 15 of the plan to allow debtors to retain their full 2025 tax refunds in the amount of $3751.00 to pay for unexpected vehicle repairs of nearly $6,000.00. The Debtors propose a plan payment of $200.00 for April, May and June 2026 to get caught up on delinquent payments, then stepping up to $735.00 per month in July 2026 for 10 months, then stepping up to $1,053.00 per month for the remaining 18 months of the plan. Debtors believe the new proposed plan payments will be sufficient to cover trustee fees, attorney fees, as well as satisfy the best interest test for unsecured creditors.

6. The Debtors believe the new proposed plan complies with the provisions of Chapter 13 and with the other applicable provisions of the United States Bankruptcy Code.

7. The Debtors have proposed the modified plan in good faith and not by any modified means forbidden by law.

8. The value of the property to be distributed under the Plan for each allowed unsecured claim is not less than the amount that would be paid on each such claim if the Debtors' estate was liquidated under Chapter 7 of the United States Bankruptcy Code.

9. The Debtors believe that they will be able to make all payments under the proposed plan and to comply with the plan.

WHEREFORE, the Debtors move the Court for an Order confirming the Debtors' Modified Chapter 13 Plan and for such further relief as is just and equitable.

Dated: 6/18/2026

/e/ Robert S. Thyen

Robert S. Thyen – 032288X
Heller & Thyen, P.A.
606 25th Avenue South, Suite 110
St. Cloud, MN 56301
320-654-8000
robb@hellerthyen.com

VERIFICATION

We, Joshua and Jennifer Bourgoin, the Debtors in the foregoing Motion, declare under penalty of perjury that the foregoing is true and correct according to the best of our knowledge, information and belief.

Dated: 6/18/2026

/s/ Joshua Bourgoin
Joshua Bourgoin

/s/ Jennifer Bourgoin
Jennifer Bourgoin

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

Joshua and Jennifer Bourgoin, Bky Case No: 23-32265

Debtors. Chapter 13

## DEBTORS' MEMORANDUM OF FACTS AND LAW

The Debtors submit this Memorandum of Facts and Law in Support of the Debtors' Motion to Modify the Debtors Chapter 13 plan.

## FACTS

The facts are set forth in the verified Motion to Confirm Modified Plan.

## LAW

11 U.S.C. § 1329(a) states that "[a]t a any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor … ." The requirements of confirmation under 11 USC §1325(a) apply to any modification. 11 USC 1329(b)(2) states that "[t]he plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved."

The Debtors request a modification of their Chapter 13 plan due to include language in Part 15 of the plan to allow debtors to retain their full 2025 tax refunds in the amount of $3751.00 to pay for unexpected vehicle repairs of nearly $6,000.00. The Debtors propose a plan payment of $200.00 for April, May and June 2026 to get caught up on delinquent payments, then stepping up to $735.00 per month in July 2026 for 10 months, then stepping up to $1,053.00 per month for the remaining 18 months of the plan. Debtors believe the new proposed plan payments will be sufficient to cover trustee fees, attorney fees, as well as satisfy the best interest

test for unsecured creditors.

The Debtors believe the proposed Plan meets the requirements of 11 USC §1325(a).

## CONCLUSION

For the foregoing reasons, the undersigned respectfully ask the Court to approve and confirm the Debtors' Modified Chapter 13 Plan.

Dated: 6/18/2026

/e/ Robert S. Thyen
Robert S. Thyen – 032288X
Heller & Thyen, P.A.
606 25th Avenue South, Suite 110
St. Cloud, MN 56301
320-654-8000
robb@hellerthyen.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

Joshua and Jennifer Bourgoin, Bky Case No: 23-32265

Debtors. Chapter 13

# ORDER CONFIRMING MODIFIED POSTCONFIRMATION CHAPTER 13 PLAN

It appears that a motion to modify the plan has been filed, that the plan as modified complies with Local Rules 3015-1 through 3020-3, that notice of the motion to modify the plan was mailed to creditors, that a hearing was held, and that no objection to the plan as modified has been made, or if made, has been since withdrawn or overruled by the Court.

IT IS THEREFORE ORDERED, that the plan as modified is confirmed and has become the plan.

DATED:

________________________________
Judge of Bankruptcy Court

Local Form 3015-1
REVISED 09/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Joshua Joseph Bourgoin**
**Jennifer Mae Bourgoin**

Case No. **23-32265**
CHAPTER 13 PLAN ☑ Modified
Dated **June 18, 2026**

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14<br><br>**IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:**<br><br>**Amex**<br><br>**Amex** | ☑ Included | ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $ **14,450.00** (including balance on hand of $ **0** ).

2.2 After the date of this plan, the debtor will pay the trustee $**26,904.00**.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| **$200.00** | **4/2026** | **6/2026** | **3** | **$600.00** |
| **$735.00** | **7/2026** | **4/2027** | **10** | **$7,350.00** |
| **$1,053.00** | **5/2027** | **10/2028** | **18** | **$18,954.00** |
| | | | PART 2.2 SUBTOTAL: | **$26,904.00** |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **0.00** .
2.5 The debtor will pay the trustee a total of $ **41,354.00** [lines 2.1 + 2.2 + 2.4].
2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **Individual debtors shall be entitled to retain the first $1,200.00 of refunds and joint debtors shall be entitled to retain the first $2,000.00 of refunds plus any earned income credit (EIC) plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 Trustee as an additional plan payment.** .

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **4,135.40** [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

Local Form 3015-1
REVISED 09/2025

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]:** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of Property |
|---|---|---|
| **4.1** | **Verizon Wireless** | **Cell phone contract** |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**1** | **WESTcons in Credit Union** | **2016 Lund Pro Boat, motor, trailer** | **0.00** | **0.00** | | | | | | **$0.00** |

| Current installment payment | Disbursed by: | | Remaining trustee installment payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
|---|---|---|---|---|---|
| **0.00** | ☑ Debtor<br>☐ Trustee | | | | **$0.00** |

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**2** | **WESTcons in Credit Union** | **3569 Village Trail Hastings, MN 55033** | **5,069.67** | **0.00** | **8/2026** | **$122.19** | **1** | **$122.19** | **$4,947.48** | **$5,069.67** |

| Current installment payment | Disbursed by: | | Remaining trustee installment payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
|---|---|---|---|---|---|
| **1,630.00** | ☑ Debtor<br>☐ Trustee | | | | **$0.00** |

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**3** | **WESTcons in Credit Union** | **3569 Village Trail Hastings, MN 55033** | **600.12** | **0.00** | **8/2026** | **$14.47** | **1** | **$14.47** | **$585.65** | **$600.12** |

| Current installment payment | Disbursed by: | | Remaining trustee installment payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
|---|---|---|---|---|---|
| **190.00** | ☑ Debtor<br>☐ Trustee | | | | **$0.00** |

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**4** | **WESTcons in Credit Union** | **post petition arrears-1st** | **9,509.70** | **0.00** | **9/2029** | **$536.66** | **18** | **$9,509.70** | | **$9,509.70** |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | **mtg** | | | | | | | | |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | **0.00** | | ☑ Debtor ☐ Trustee | | | | | **$0.00** |

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ments | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**5** | **WESTconsin Credit Union** | **post petition arrears-2nd mtg** | **1,165.25** | **0.00** | **9/2026** | **$124.84** | **10** | **$1,165.25** | | **$1,165.25** |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | **0.00** | | ☑ Debtor ☐ Trustee | | | | | **$0.00** |

TOTAL: **$16,344.74**

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Begin-ning in MM/YY | Monthly payment | # of payments | Remaining payments | +*amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ☐ | | | | | | |

TOTAL: **$0.00**

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | +*amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | ☐ | | | | | | |

TOTAL: **$0.00**

Local Form 3015-1
REVISED 09/2025

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| **8.1** | **Attorney Fees** | **$3,886.01** | | | | | **$3,886.01** | **$3,886.01** |
| **8.2** | **Attorney Fees** | **$500.00** | | | | | **$500.00** | **$500.00** |
| **8.3** | **Attorney Fees** | **$500.00** | | | | | **$500.00** | **$500.00** |
| **8.4** | **Attorney Fees** | **$853.50** | | | | | **$853.50** | **$853.50** |
| **8.5** | **Attorney Fees** | **$1,058.00** | | | | | **$1,058.00** | **$1,058.00** |
| **8.6** | **Attorney Fees** | **$1,058.00** | | | | | **$1,058.00** | **$1,058.00** |
| **8.7** | **Attorney Fees** | **$1,600.00** | **6/2026**<br>**7/2026**<br>**8/2026** | **$540.00**<br>**$661.50**<br>**$398.50** | **1**<br>**1**<br>**1** | **$1,600.00** | | **$1,600.00** |
| **8.8** | **IRS** | **$1.00** | | **pro-rata** | **pro-rata** | **$1.00** | | **$1.00** |
| **8.9** | **MN Department of Revenue** | **$1.00** | | **pro-rata** | **pro-rata** | **$1.00** | | **$1.00** |
| | | | | | | | TOTAL | **$9,457.51** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | |
| | | | | | | | TOTAL | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | | |
| | | | | | | | | TOTAL | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | **$19,314.00** |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | **$158,531.35** |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | **$177,845.35** |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | **6.00** |

| | |
|---|---|
| Estimated remaining payments | **$11,416.35** |
| *+ amount paid to date by trustee (mod. plan only)* | |
| = TOTAL estimated payments | **$11,416.35** |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

Local Form 3015-1
REVISED 09/2025

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property<br>*(including complete legal description of real property)* |
|---|---|---|
| **13.1** | **Santander Consumer Usa** | **Opened Opened 05/22 Last Active 5/19/23<br>Lease 2022 Ram 1500** |
| **13.2** | **Santander Consumer Usa** | **Opened Opened 05/22 Last Active 7/03/23<br>Lease 2022 Ram 1500** |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. See 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | **Amex** | a. Amount of lien | **$16,615.62** | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $**$16,615.62** |
| Collateral: | **Credit Card** | b. Amount of all other liens | **$304,080.00** | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | **Judgment** | c. Value of claimed exemptions | **$34,820.00** | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | **$355,515.62** | |
| | | e. Value of debtor's interest | **$338,900.00** | |
| | | f. Subtract line e from line d. | **$16,615.62** | |

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | **Amex** | a. Amount of lien | **$2,698.38** | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $**$2,698.38** |
| Collateral: | **Credit Card** | b. Amount of all other liens | **$304,080.00** | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | **Judgment** | c. Value of claimed exemptions | **$34,820.00** | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | **$341,598.38** | |
| | | e. Value of debtor's interest | **$338,900.00** | |
| | | f. Subtract line e from line d. | **$2,698.38** | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| **15.1** | ***The plan is a step plan which will pay as follows: $200.00 Monthly for 3 months, then $735.00 Monthly for 10 months (boat loan paid off 4/2027), then $1,053.00 Monthly for 18 months** |
| **15.2** | **Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by the Internal Revenue Service for a claim attributable to the taxable year in which the case concerning such debtor(s) was filed. The trustee shall pay the claim, but only to the extent funds are available.**<br><br>**Approval not required to incur post-petition debt - Approval by the court, or by the trustee, shall not be required prior to the debtor incurring a consumer debt while this case is pending and is subject to 1305(a)(2).**<br><br>**Mortgage arrears listed in Part 6 includes September and October 2023 payments.**<br><br>**Debtor 1 shall turnover any bonuses received above $2,400.00 net per year, as outlined on Schedule I, to the trustee within 10 days of receiving as an additional payment.**<br><br>**Debtors shall be allowed to retain their full 2024 tax refunds in the amount of $4,236.00 to supplement the loss of Debtor 2's income.**<br><br>**Debtor 1 shall be allowed to retain his full bonus from 2024 in the amount of $2,263.68 to supplement the loss of Debtor 2's income.** |

Local Form 3015-1
REVISED 09/2025

| | |
|---|---|
| | **Debtors reject all contracts with Santander Consumer Usa.**<br><br>**Debtors shall be allowed to retain their full 2025 tax refunds in the amount of $3,751.00 to pay for unexpected vehicle repairs of nearly $6,000.00.** |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | | Total payments |
|---|---|---|
| Payments by trustee [Part 3] | $ | **4,135.40** |
| Maintenance of payments and cure of default, if any [Part 5] | $ | **16,344.74** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 7] | $ | **0.00** |
| Priority claims [Part 8] | $ | **9,457.51** |
| Domestic support obligation claims [Part 9] | $ | **0.00** |
| Separate classes of unsecured claims [Part 10] | $ | **0.00** |
| Timely filed unsecured claims [Part 11] | $ | **11,416.35** |
| TOTAL (must equal line 2.5) | $ | **41,354.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **/s/ Robert Thyen**
**Robert Thyen**
Attorney for debtor

Signed: **/s/ Joshua Joseph Bourgoin**
**Joshua Joseph Bourgoin**
Debtor 1

Signed: **/s/ Jennifer Mae Bourgoin**
**Jennifer Mae Bourgoin**
Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:
JOSHUA BOURGOIN
JENNIFER BOURGOIN

CASE NO: 23-32265

**DECLARATION OF MAILING**
**CERTIFICATE OF SERVICE**

Chapter: 13

On 6/18/2026, I did cause a copy of the following documents, described below,

Amended Service Letter

Post Confirmation Notice of Hearing and Motion to Confirm Modified Plan, Modified Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 6/18/2026

/s/ Robert S. Thyen
Robert S. Thyen 032288X
Attorney for Debtor
Heller & Thyen, P.A.
606 25th Avenue South, Suite 110
St. Cloud, MN 56301
320-654-8000
erin@hellerthyen.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

JOSHUA BOURGOIN
JENNIFER BOURGOIN

CASE NO: 23-32265

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 6/18/2026, a copy of the following documents, described below,

Amended Service Letter

Post Confirmation Notice of Hearing and Motion to Confirm Modified Plan, Modified Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/18/2026

Victoria Blake

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Robert S. Thyen
Heller & Thyen, P.A.
606 25th Avenue South, Suite 110
St. Cloud, MN 56301

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 23-32265
DISTRICT OF MINNESOTA
THU JUN 18 10-35-12 PST 2026

SANTANDER CONSUMER USA INC DBA CHRYSLER CAP
CO STEWART ZLIMEN JUNGERS LTD
2860 PATTON ROAD
ROSEVILLE MN 55113-1100

WESTCONSIN CREDIT UNION
PO BOX 160
MENOMONIE WI 54751-0160

~~EXCLUDE~~

~~(D)WESTCONSIN CREDIT UNION~~
~~PO BOX 160~~
~~MENOMONIE WI 54751-0160~~

~~EXCLUDE~~

~~ST PAUL~~
~~200 WARREN E BURGER FEDERAL BUILDING~~
~~AND US COURTHOUSE~~
~~316 N ROBERT ST~~
~~ST PAUL MN 55101-1495~~

AFFINITY PLUS FEDERAL CREDIT UNION
CO MESSERLI KRAMER PA
3033 CAMPUS DR STE 250
PLYMOUTH MN 55441-2685

(P)AFFINITY PLUS FEDERAL CREDIT UNION
ATTN BANKRUPTCY DEPARTMENT
175 W LAFAYETTE FRONTAGE ROAD
SAINT PAUL MN 55107-1420

AMERICAN EXPRESS NATIONAL BANK AENB
CO ZWICKER AND ASSOCIATES PC
ATTORNEYSAGENTS FOR CREDITOR
PO BOX 9043
ANDOVER MA 01810-0943

AMERICAN EXPRESS TRAVEL RELATED SERVICES
ATTN BANKRUPTCY
PO BOX 981537
EL PASO TX 79998-1537

AMEX
CORRESPONDENCEBANKRUPTCY
PO BOX 981540
EL PASO TX 79998-1540

BRANDON S LEFKOWITZ
29777 TELEGRAPH ROAD SUITE 2440
SOUTHFIELD MI 48034-7667

CBE GROUP
1309 TECHNOLOGY PKWY
CEDAR FALLS IA 50613-6976

CAPITAL ONE
ATTN BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130-0285

(P)CAVALRY PORTFOLIO SERVICES LLC
500 SUMMIT LAKE DR
STE 400
VALHALLA NY 10595-2321

CAVALRY PORTFOLIO SERVICES
ATTN BANKRUPTCY
500 SUMMIT LAKE DRIVE SUITE 400
VAHALLA NY 10595-2321

CAVALRY SPV I LLC
PO BOX 4252
GREENWICH CT 06831-0405

CITY OF HASTINGS
101 4TH STREET EAST
HASTINGS MN 55033-1955

COSTCO CITI CARD
ATTN BANKRUPTCY
PO BOX 6500
SIOUX FALLS SD 57117-6500

(P)CROSS RIVER BANK
2115 LINWOOD AVENUE
FORT LEE NJ 07024-5041

DAKOTA ELECTRIC
4300 220TH ST W
FARMINGTON MN 55024-9583

DISCOVER BANK
DISCOVER PRODUCTS INC
PO BOX 3025
NEW ALBANY OH 43054-3025

DISCOVER FINANCIAL
ATTN BANKRUPTCY
PO BOX 3025
NEW ALBANY OH 43054-3025

DISCOVER PERSONAL LOANS
ATTN BANKRUPTCY
PO BOX 30954
SALT LAKE CITY UT 84130-0954

DISCOVER PERSONAL LOANS
PO BOX 30954
SALT LAKE CITY UT 84130-0954

FINWISE BANK
CO OPPORTUNITY FINANCIAL LLC
130 E RANDOLPH STREET SUITE 3400
CHICAGO IL 60601-6379

GURSTEL LAW FIRM PC
6681 COUNTRY CLUB DRIVE
GOLDEN VALLEY MN 55427-4601

IRS
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101-7346

LVNV FUNDING LLC
55 BEATTIE PLACE
GREENVILLE SC 29601-2165

LVNV FUNDING LLC
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

MN DEPARTMENT OF REVENUE
COLLECTIONS BKY SECTION
PO BOX 64447
SAINT PAUL MN 55164-0447

MESSERLI KRAMER PA
3033 CAMPUS DRIVE SUITE 250
PLYMOUTH MN 55441-2685

OPPLOANS
ATTN BANKRUPTCY
130 E RANDOLPH ST STE 3400
CHICAGO IL 60601-6379

(P)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

PINNACLE SERVICE SOLUTIONS LLC
4408 MILESTRIP RD 247
BLASDELL NY 14219-2553

QUANTUM3 GROUP LLC AS AGENT FOR
CROWN ASSET MANAGEMENT LLC
PO BOX 788
KIRKLAND WA 98083-0788

QUANTUM3 GROUP LLC AS AGENT FOR
VELOCITY INVESTMENTS LLC
PO BOX 788
KIRKLAND WA 98083-0788

RAUSCH STURM LLP
7300 147TH ST WEST STE 307
APPLE VALLEY MN 55124-7580

RESURGENT CAPITAL SERVICES
SUITE 110 MS 576
55 BEATTIE PLACE
GREENVILLE SC 29601-5115

(P)SPIRE CREDIT UNION
2025 LARPENTEUR AVE WEST
FALCON HEIGHTS MN 55113-5512

SANTANDER CONSUMER USA INC DBA CHRYSLER
AS SERVICER FOR CCAP AUTO LEASE LTD
PO BOX 961275
FORT WORTH TX 76161-0275

SANTANDER CONSUMER USA
ATTN BANKRUPTCY
PO BOX 961211
FORT WORTH TX 76161-0211

~~EXCLUDE~~

~~(D)(P)SPIRE CREDIT UNION~~
~~2025 LARPENTEUR AVE WEST~~
~~FALCON HEIGHTS MN 55113-5512~~

THE HOME DEPOT
PO BOX 9001030
LOUISVILLE KY 40290-1030

US TRUSTEE
1015 US COURTHOUSE
300 S 4TH ST
MINNEAPOLIS MN 55415-3070

VERIZON
BY AMERICAN INFOSOURCE AS AGENT
PO BOX 4457
HOUSTON TX 77210-4457

VERIZON WIRELESS
PO BOX 25505
LEHIGH VALLEY PA 18002-5505

WESTCONSIN CREDIT UNION
ATTN BANKRUPTCY
3227 SCHNEIDER AVENUE SE PO BOX 160
MENOMONIE WI 54751-0160

WILLIAM E WALLO
7 SOUTH DEWEY STREET SUITE 220
EAU CLAIRE WI 54701-4991

WILLIAM E WALLO
BAKKE NORMAN SC
7 SOUTH DEWEY STREET SUITE 220
EAU CLAIRE WI 54701-4991

ZWICKER ASSOCIATES
3050 METRO DRIVE SUITE 115
BLOOMINGTON MN 55425-1678

GREGORY A BURRELL
100 SOUTH FIFTH STREET
SUITE 480
MINNEAPOLIS MN 55402-1250

JENNIFER MAE BOURGOIN
3569 VILLAGE TRAIL
HASTINGS MN 55033-3496

DEBTOR

JOSHUA JOSEPH BOURGOIN
3569 VILLAGE TRAIL
HASTINGS MN 55033-3496

ROBERT S THYEN
HELLER THYEN PA
606 25TH AVE SOUTH
SUITE 110
ST CLOUD MN 56301-4810